1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

11
12
13
14
15
16
17
18
19
20
21
22
23

| | |
|---|---|
| THE S&D FAMILY TRUST, u/a/d JANUARY 30, 2008; AND DENISE WILSON, a trustee and individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES (SCOTT) SPRACKLIN, a trustee and individual; INTERNAL REVENUE SERVICE, a federal agency; MR. COOPER, a domestic corporation; REAL TIME RESOLUTIONS, INC., a domestic corporation; CITY OF SPARKS, a municipality; ROGER KAHN, an individual; VICKI KAHN, an individual; All persons and Entities Known and Unknown, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-00392-ART-CLB<br><br>**ORDER GRANTING**<br><br>**STIPULATION AND ORDER TO DISMISS WITH PREJUDICE** |

24

Plaintiffs Denise Wilson as trustee of the The S&D Family Trust, u/a/d JANUARY 30, 2008;

25
and Denise Wilson in her individual capacity, by and through her counsel of record ROBISON,

26
SHARP, SULLIVAN & BRUST, Defendant Real Time Resolutions, Inc. ("RTR"), by and through its

27
counsel of record, Dickinson Wright PLLC, Defendant NATIONSTAR MORTGAGE, LLC d/b/a

28
MR. COOPER ("Nationstar"), by and through its counsel of record Troutman Pepper Hamilton

1

Sanders LLP and Defendant James Spracklin, through his counsel, Cliff J. Young, Esq., Defendant

United States of America, through its counsel Assistant United States Attorney, hereby stipulate and

agree to dismiss the above-captioned case as follows:

WHEREAS, on April 7, 2003, the Denise Wilson as trustee of the S&D Family Trust, u/a/d

January 2008 and Denise Wilson in her individual capacity (hereafter Denise Wilson, in both her

capacity as a trustee and in her individual capacity are referred to as "Plaintiff") filed a Verified

Complaint for Quiet Title (the "Complaint") against defendant James (Scott) Spracklin in his capacity

as a trustee and in his individual capacity; the Internal Revenue Service; defendant NATIONSTAR

MORTGAGE, LLC d/b/a MR. COOPER, incorrectly identified as Mr. Cooper;  defendant Real Time

Solutions, Inc., defendant City of Sparks, defendant Roger Khan; defendant Vickie Khan; and Does

1-25 (hereafter, all defendants identified above, except the Doe defendants, are referred to collectively

as "Defendants"), seeking to quiet title as to the property commonly known as 5436 Vista Terrace

Lane, Sparks, NV 89436-2649, APN 518-471-05 (the "Property") against Defendants;

WHEREAS, on December 19, 2003, Mr. James Spracklin executed a Deed of Trust ("First

DOT"), which was recorded against the Property by the Washoe County Recorder on December 30,

2003, as Document No.: 2974865;

WHEREAS, on January 24, 2005, Mr. James Spracklin executed a Deed of Trust ("Second

DOT") which was later recorded against the Property on January 28, 2005, as Document No.:

3162847;

WHEREAS, on October 13, 2006, Mr. James Spracklin in his individual capacity, and Plaintiff

Denise Michelle Spracklin in her individual capacity, executed a third Deed of Trust ("Third DOT")

which was later recorded against the Property on October 16, 2006, as Document No.: 3451400;

WHEREAS, on February 21, 2008, the Internal Revenue Service recorded a lien against the

Property (the "IRS Lien"); and,

WHEREAS, the Plaintiff and Nationstar have agreed to stipulate as follows regarding the

Property, their interests, the Case, and Plaintiffs' claims in the Case:

///

///

## STIPULATION

1.     Plaintiff and Nationstar agree that none of Nationstar's, and its successors and assigns' interests in the Property shall be impacted by virtue of Plaintiff's Complaint, and this action shall not impact or extinguish the First DOT which shall remain a valid lien against the Property until satisfied or otherwise resolved as a matter of applicable law;

2.     Plaintiff reaffirms and admits that the First DOT is a valid encumbrance against the Property;

3.     Plaintiff and Nationstar agree each party shall bear its own attorneys' fees and costs with respect to this stipulation and this Case;

4.     Nationstar and Plaintiff agree that neither Nationstar nor its successors, assigns, nor the owner of the loan, Note, and/or First DOT, shall suffer any loss of rights as a result of stipulating to dismiss the Case;

5.     Plaintiff admits that the terms of the First DOT states that the debt secured by the First DOT matures on January 1, 2034, and that under NRS 106.240, the lien is not is not discharged as a matter of law until January 1, 2044, at the earliest;

6.     Plaintiff requests, and Plaintiff and Nationstar stipulate, that the Court expunge the Lis Pendens filed in this case and dismiss Plaintiff's claims against Nationstar with prejudice;

7.     Plaintiff agrees that she will not challenge a future foreclosure action against the Property under the First DOT based on her claims or allegations raised in the instant action and that such claims are precluded from further litigation;

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

\\\\

8.      The parties state that this stipulation and order is not entered into for purposes of delay or for any other improper purpose.

**IT IS SO STIPULATED.**

DATED May 2ⁿᵈ, 2024.

**TROUTMAN PEPPER HAMILTON SANDERS LLP**


By: /s/ Sean B. Kirby
        Nevada Bar No. 14224
        TROUTMAN PEPPER HAMILTON SANDERS LLP
        8985 S. Eastern Ave., Ste. 200
        Las Vegas, NV  89123 *(Nevada Office)*
        Tele: (470) 832-5586
        Fax: (404) 962-6800
        sean.kirby@troutman.com
        *Attorney for Defendant Nationstar Mortgage LLC d/b/a*
        *Mr. Cooper and Federal National Mortgage Association*



DATED May 2ⁿᵈ, 2024.

**ROBISON, SHARP, SULLIVAN & BRUST**
71 Washington Street
Reno, NV  89503
(775) 329-3151

By: _____
        MICHAEL E. SULLIVAN, ESQ.
        Nevada Bar #5142
        *Attorneys for Plaintiffs*


**IT IS SO ORDERED.**

_____
Anne R. Traum
United States District Judge

DATED: May 29, 2024

4